Will hear motions. The first motion is United States v. Walters. May it please the court, my name is Alexandra Shapiro and I represent William Walters on this appeal. This appeal presents two substantial issues of government misconduct. By April 2013, in this case, the government had been investigating Mr. Walters for over 18 months. The phone records and trading records ultimately used a trial already existed. Nonetheless, the case was going nowhere according to the FBI agents supervising the investigation. Therefore, in order to revive what he termed this dormant investigation, he embarked on a concerted, extensive, and illegal campaign to leak secret grand jury information to reporters hoping that he would receive information from the reporters in exchange and create evidence for the case. Was he acting for the government when he did this? It seems to me he was acting against the government's interest and against the law. He was acting against the law. You're saying it's government misconduct. It's government misconduct because the government has admitted that this FBI agent was engaged on this two year long campaign and what's more, there's a lot we don't know and here what we have is a situation where not only did this occur, it was brought to the attention of the highest levels of the FBI and the U.S. Attorney's Office as early as May of 2014 and nonetheless, despite calling it outrageous, nothing was done and it continued for another year and what's more, the government initially denied the misconduct quite vigorously in its original motion papers and it was only after the district judge initially ordered a hearing that the government came forward with this admission which frankly raises more questions than it answers. Indeed, what we know is only what was disclosed in the government's submission. The government apparently reviewed thousands of emails and texts but only disclosed six of them. It only looked at this three month period even though it's clear that these leaks continued for a storm and investigation and that the gambit worked. The government obtained information from the press, stimulated the wiretap and most importantly, helped spur Tom Davis to reverse his repeated and sworn statements that he never tipped Mr. Walters which he had been insisting on for 21 months and then he became a cooperator and invented the phony bat phone story. Was he cross examined on this at trial? Indeed, he was, Your Honor, but this court has repeatedly held that even when the facts underlying the perjury come out at trial, what's critical is that the government didn't correct it and we've cited in our papers four cases in which some or all of the information demonstrating the perjury came out at trial and nonetheless, a new trial was ordered. From this court. You don't have to win on the point. You just have to establish that your client should get bail pending. Yes, Your Honor. At a minimum, we've cited four cases, three from this circuit as well as the Freeman case from the Seventh Circuit which involved situations where the issues were aired at a trial. In addition, this court has repeatedly held in Drake, in Sue v. Filion, in the Jenkins v. R2 case that what's critical is that if the perjury is left uncorrected and here we have a situation where not only was it left undercorrected but the government extensively emphasized the testimony about the bat phone in its initial summation and also in its rebuttal tried to bolster the testimony as well and at a minimum we think that presents a substantial issue. Ms. Shapiro, tell us about the proceedings in the district court on this question. What did the district judge do and why? On the perjury? No, on the question of whether he should have bail. We're only here dealing with bail. Oh, there was a brief argument at sentencing and the district court reiterated its view. Why should he get bail? He should get bail because both questions... What's the risk to the community in all of this? Oh, there's none of that, your honor, just to be clear. The government concedes and the PSR was clear and the district court was clear. There's no issue of flight risk or danger. The district court did not discuss the factors on bail at any length? There was no discussion of risk of flight or danger to the community because there is none. And so the only question for the district court and for this court is whether there's a substantial issue on appeal. And of course, substantial issue, as the court is well aware, it doesn't mean we have to show that there's a likelihood of success. It merely means that we have to show that at least one of the issues is debatable or presents a novel question of first impression. I see my time is almost up. If I could just make one last point, which is that at a bare minimum, I think this is the novelty of the issue, particularly with regard to the grand jury leaks, warrants, bail. This is an extraordinary case. We're not aware of any case remotely like this where we have the FBI agent supervising the case has admitted that he engaged in an extensive two-year long campaign of improper criminal leaks in order to revive a dormant investigation against Mr. Walters. And the leaks were not isolated incident, and they were part of a pattern across at least five other cases supervised by the same group of agents and prosecuted by this office. And what would be the appropriate relief? Well, we believe that there's enough on this record to grant dismissal, and as the government concedes under Bank of Nova Scotia, dismissal is appropriate if the violation substantially influenced the grand jury's decision to indict or if there's grave doubt about the decision. But in addition, we believe a second question is whether prejudice even needs to be shown given the pattern that was extensive both in this case and across other cases. But the other thing we will be arguing in our merits brief as an alternative remedy is that at a minimum, the case needs to go back to the district court for an evidentiary hearing so that the full scope of the misconduct and its potential effect on the case, the decision to bring the case and the decision of Mr. Walters to the district court can be evaluated because the record is, as I said earlier, is based on the government's submission, and it raises more questions than it answers. Thank you, Your Honor. Thank you. So would you address risk of flight and danger to the community for starters, and then move quickly to your whatever merits argument you have? Certainly, Your Honor. First, with respect to danger to the community, we would not argue that there is danger to the community in this case. With respect to risk of flight, however, we believe now, post-conviction, in a situation where Mr. Walters is accessed to large sums of money, a private plane, and a number of resources, as well as a network across the world, including homes in other countries, that there is a risk of flight here. The calculus is different than it would be before a trial. Did you argue that in the district court? The government actually was not given the opportunity to argue in the district court. Judge Castell heard argument from... You had no opportunity to put in a piece of paper? Your Honor, the way that it played out is that Mr. Burke made an argument following the sentence, and Judge Castell immediately moved to rule on the merits, and he quickly said that he found that since there was no substantial question here and very little success... I thought Judge Preska was in charge of the... No, Your Honor, it was Judge Castell. So Judge Castell moved very quickly to his own determination based on the fact that he had considered these issues, including the grand jury leaks, and including the issue of perjury, very carefully, taking each step by step, and made very well-thought-out, considered opinions with both. He considered the question of bail here, and said that since there was such an unlikely chance of success on appeal, given the controlling precedent, and given that there was no error in these well-considered factual findings that he made on both of these issues that are raised today. They were raised with taking the perjury, for example. Mr. Burke argued it at trial in opening statement. He argued it vigorously on cross-examination. He argued it again in closing statement. They then made the Rule 33 argument. So not only did the jury reject it at trial, Judge Castell rejected it in the Rule 33. This is not a case, as Judge Castell... Your adversary is arguing that this is a case, whatever her chances are on appeal as a lawyer, is a kind of case that nobody's seen before. This is very unusual. And therefore, it's hard to say what the outcome would be. And therefore, why should he be in jail pending appeal if a panel of this court could conclude that there's government misconduct that justifies dismissal of the indictment? Certainly, Your Honor. With all due respect to my adversary, she's wrong. I expected you to say that. With respect to the issue of the grand jury leaks, I would direct the court to United States v. Freedman, which is a case that this court that the government had intentionally and systematically leaked grand jury information for the purpose of cultivating cooperators and, I believe, to get some sort of strategical advantage in a turf war. In that case, they said, even assuming that, which by no means that has been shown here, even assuming that, there was no basis to dismiss the indictment. These are allegations that have been seen before. And in this case, Judge Castell looked at the record before him, the fact that he invited defense counsel time and again to attempt to show prejudice in this case, and they could not do it. And that is because there was no prejudice here. He reviewed the grand jury minutes. He looked at the case before him. If anything, the leaks in this case almost killed this investigation. It was horrible for the government. And so, with that record and that agent to OPR and to OIG, which has been done, there is an ongoing criminal investigation into his conduct, and that is the proper remedy here. Defense counsel, the defendant, they seek a windfall. It's inappropriate, and it shouldn't be the outcome here. He should not be granted bail pending appeal. There is no substantial question, and he simply doesn't meet the standard. Thank you. Thank you both. Reserved decision.